UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-67 |
| | ) | |
| JOSEPH MOBLEY, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on October 19, 2010, for a hearing on the Motion to Substitute Counsel [Doc. 11], filed on October 13, 2010, by Attorney Paula R. Voss, appointed attorney for Defendant Mobley. Ms. Voss was present at the hearing, and Assistant United States Attorney David P. Lewen appeared on behalf of the Government. The Defendant was also present.

In the motion, Attorney Voss states that the Federal Defenders Services of East Tennessee (FDSET), for whom she works, has an irreconcilable conflict of interest with the continued representation of the Defendant. At the hearing, Attorney Voss stated to the Court that there was a direct conflict of interest with continued representation of the Defendant and does not believe she can continue representation. The Court concludes that FDSET has an actual conflict of interest in representing the Defendant.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by rule on another issue Bourjaily v. U.S., 483 U.S. 171, 181 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the fact that an actual conflict exists in this case, the Court finds good cause to grant defense counsel's Motion to Substitute Counsel [**Doc. 11**], the same is **GRANTED**, and Ms. Voss is relieved as counsel of record for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Michael P. McGovern appeared at the October 19 hearing and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. McGovern under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of record for the Defendant. Ms. Voss is directed to provide Mr. McGovern with all discovery and

the information from the Defendant's file as expeditiously as possible.

The trial of this case was set for November 17, 2010. Mr. McGovern stated that he was not able to go to trial on that date because he needed additional time to prepare. He stated that a trial continuance would be in the Defendant's best interest. The Court took these statements to be an oral motion to continue the November 17 trial date. The Court questioned the Defendant, who stated that he understood the need for a continuance because his attorney had just entered the case and that he did not object. The Government also did not object to a trial continuance. Both parties agreed to continue the trial date to March 22, 2011.

The Court finds the Defendant's oral motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Given that the trial date is approximately one month away and that Mr. McGovern has just entered the case, the Court finds that the failure to grant a continuance would deprive the Defendant of time to prepare for trial with the benefit of conflict-free representation. See 18 U.S.C. § 3161(h)(7)(B)(iv). Mr. McGovern will need time to review discovery, to decide whether any pretrial motions are necessary, to meet with witnesses and with the Defendant, and to prepare for trial. If additional motions are filed, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(D) & -(H). Finally, the parties will need time to prepare for trial in light of any such rulings. The Court finds that all of this could not take place before the November 17, 2010 trial date or in less than three months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court **GRANTS** a continuance of the trial and resets it to **March 22, 2011**. The Court also finds that all the time between the October 19, 2010 hearing and the new trial date of March 22, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). With regard to further scheduling, the Court set a new motion-filing deadline of **December 1, 2010**. Responses to motions are due on **December 14, 2010**. The parties are to appear before the undersigned for a pretrial conference on **January 5, 2011, at 1:30 p.m.** This date will also be the deadline for completing plea negotiations. The Court instructs the parties that all motions *in limine* must be filed no later than **March 8, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **March 11, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is ordered:

(1) Attorney Paula R. Voss Motion to Substitute Counsel [**Doc. 11**] is **GRANTED**, and Ms. Voss is permitted to withdraw as the Defendant's counsel of record;

(2) Attorney Michael P. McGovern is **SUBSTITUTED** and **APPOINTED** under the Criminal Justice Act (CJA) as counsel of record for the Defendant;

(3) The Defendant's oral motion to continue the trial is **GRANTED**;

(4) The trial of this matter is reset to commence on **March 22, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(5) All time between the **October 19, 2010** hearing and the new trial date of **March 22, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The Court set a new motion-filing deadline of **December 1, 2010**;

(7) Responses to motions are due on or before **December 14, 2010**;

(8) A pretrial conference before the undersigned is set for **January 5, 2011**;

(9) The deadline for concluding plea negotiations is also **January 5, 2011**;

(10) Motions *in limine* must be filed no later than **March 8, 2011**; and

(11) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 11, 2011**.

**IT IS SO ORDERED.**

                      ENTER:

                        s/ C. Clifford Shirley, Jr.
                        United States Magistrate Judge